IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| RECO DESHUN JONES, Individually, and on behalf of himself and others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>THE AMERICAN BOTTLING COMPANY,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)   No. 2:24-cv-02195-SHL-tmp<br>)<br>)<br>)<br>) |

**ORDER GRANTING JOINT MOTION TO STAY PROCEEDINGS
PENDING ARBITRATION**

Before the Court is the Parties' Joint Motion to Stay Proceedings Pending Arbitration, filed June 12, 2024. (ECF No. 9.) For the following reasons, the motion to stay is **GRANTED**.

**BACKGROUND**

Plaintiff Reco Deshun Jones filed a complaint under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., against the American Bottling Company ("American Bottling") as a potential collective action on March 27, 2024. (ECF No. 1.) Jones, an hourly-paid merchandiser, alleges that American Bottling failed to pay him and employees similarly situated their overtime wages. (Id. at PageID 3, 6.)

Service was waived on April 18. (ECF No. 7.) American Bottling never individually filed an answer or motion; the instant joint motion was the next filing in the case. (ECF No. 9.)

Jones agreed to arbitrate any employment-related dispute as a condition of his employment, and both Parties acknowledge that arbitration agreement applies to this dispute. (Id. at PageID 22.) Therefore, the Parties request a stay pending the resolution of the mandatory arbitration process. (Id. at PageID 23.)

## **LEGAL STANDARD**

Section 3 of the Federal Arbitration Act provides that:

> [i]f any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3.

The use of the mandatory "shall" in the statute "creates an obligation impervious to judicial discretion" that "requires a court to stay the proceeding." Smith v. Spizzirri, 144 S. Ct. 1173, 1177 (2024) (citation omitted). Spizzirri, a May 2024 Supreme Court opinion, leaves no room for discretion or ambiguity on the topic: "When a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, § 3 of the FAA compels the court to stay the proceeding. Id. at 1178.

## **ANALYSIS**

Arbitration clauses in employment contracts are commonplace throughout the country: "an employer may enter an agreement with employees requiring the arbitration of all employment disputes, including those involving federal statutory claims." Floss v. Ryan's Family Steak Houses, Inc., 211 F.3d 306, 316 (6th Cir. 2000). Here, both Parties acknowledge that Jones's FLSA overtime claim is covered by an arbitration clause. (ECF No. 9 at PageID 22.) They also jointly request a stay pending that mandatory arbitration. Because both Parties agree that there is a binding arbitration clause that necessitates a stay, the Court has no choice in the matter and must stay the case. Thus, this case is **STAYED** pending arbitration.

**CONCLUSION**

For these reasons, the joint motion is **GRANTED**, and the case is **STAYED** pending the completion of arbitration. The Parties are **ORDRED** to file a status report updating the Court on the arbitration proceedings and the potential closure of the case within **six months** of the entry of this Order or within **ten days** of the conclusion of arbitration, whichever is sooner.

**IT IS SO ORDERED,** this 18th day of June, 2024.

                                          s/ Sheryl H. Lipman
                                          SHERYL H. LIPMAN
                                          CHIEF UNITED STATES DISTRICT JUDGE